## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LARRY JOHNSON** | : | **CIVIL ACTION NO.** |
| | : | |
| **VERSUS** | : | **SECT.** |
| | : | |
| **REPUBLIC HOUSING, LLC d/b/a HOLLY PARK APARTMENTS and ARCH INSURANCE COMPANY** | : : : | **MAG.** |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::

---

## NOTICE OF REMOVAL
---

Defendant, Republic Housing, LLC (hereinafter "Republic Housing"), pursuant to 28 U.S.C. §1332, 1441, and 1446, hereby removes this action to the United States District Court for the Eastern District of Louisiana. In support of removal, Defendant respectfully asserts the following:

### I.  REMOVAL WITHOUT WAIVER OF EXCEPTIONS, DEFENSES OR OBJECTIONS

1.

Republic Housing is named in the proceeding entitled *"Larry Johnson v. Republic Housing, LLC d/b/a Holly Park Apartments and Arch Insurance Company"* bearing suit number 2018-02343, division N, section 8, Civil District Court for the Parish of Orleans, State of Louisiana, and appears herein solely to file this Notice of Removal. Defendant reserves all rights, defenses, exceptions, objections and demands, both state and federal. Without waiver, Republic Housing files this Notice to effect removal of this action to the United States District Court for the Eastern District of Louisiana in accordance with 28 U.S.C. § 1441.

## II.     PLEADINGS AND POSTURE

2.

On March 9, 2018, Plaintiff, Larry Johnson (hereinafter "Plaintiff"), instituted this proceeding by filing a Petition for Damages ("Petition").[1]

3.

As required by 28 U.S.C. § 1446(a), all pleadings filed in the record of the state court proceeding are attached hereto.[2]

4.

Pursuant to 28 U.S.C. §1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on Plaintiff and will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.[3]

5.

This is an action for damages arising out of an alleged incident where Plaintiff "slipped and fell down the stairs" at the Holly Park Apartments "due to a railing which had been improperly installed and/or maintained by employees of Republic Housing, LLC d/b/a Holly Park Apartments."[4]

6.

This Court is proper for removal because the Eastern District of Louisiana encompasses Orleans Parish, the parish where the above captioned civil action is currently pending.[5]

---

[1] *See* Plaintiff's Petition for Damages, State court record, attached hereto as Exhibit "A."

[2] *Id.*

[3] *See* State Court Notice of Removal, attached hereto as Exhibit "B"; *See* Proof of Service, attached hereto as Exhibit "C".

[4] Exhibit A, Plaintiff's Petition for Damages, paragraph 3.

[5] *See* 28 U.S.C. § 1441(a).

7.

Upon information and belief, Plaintiff requested service of his Petition for Damages through Republic Housing's agent for service of process, Eula Hoffpauir. Service was made through Republic Housing's agent for service of process on March 27, 2018.

8.

Upon information and belief, Plaintiff requested service of his Petition for Damages on Arch Specialty Insurance Company ("Arch") through its agent for service of process, the Secretary of State for the State of Louisiana. Service was made through Arch's agent for service of process on March 28, 2018.

9.

Accordingly, this removal is timely in accordance with, and pursuant to the time delays set forth in 28 U.S.C. § 1446(b).

### III.    REMOVAL BASED UPON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A).

10.

This action is removable based on diversity jurisdiction under 28 U.S.C. § 1332(a) and 1441.

11.

According to 28 U.S.C. § 1332(a), this Honorable Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between …citizens of different States."

A. **Complete Diversity Exists Between Plaintiff and Defendants**

12.

Upon information and belief, Plaintiff is domiciled in Louisiana.[6] Thus, Plaintiff is a citizen of Louisiana for the purposes of diversity.

13.

Republic Housing is a Florida limited liability company with its principal place of business located at 157 East New England Avenue, Suite 402, Winter Park, Florida 32789.[7]

14.

The sole member of Republic Housing is Community Trust Foundation, Inc., which is a Florida Not-for-Profit Corporation. Community Trust Foundation, Inc.'s principal place of business is located at 157 East New England Avenue, Suite 250, Winter Park, Florida 32789.[8]

15.

Arch is a corporation organized and existing under the laws of Missouri, with its principal place of business located in Jersey City, New Jersey.

16.

Because Plaintiff is a citizen of Louisiana and Republic Housing and Arch are citizens of foreign states, complete diversity of citizenship exists, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

B. **The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

---

[6] *See* Exhibit A, Plaintiff's Petition for Damages.

[7] *See* Affidavit of Eduardo Delgado, attached hereto as Exhibit "D".

[8] *Id.*

4

17.

Plaintiff's Petition for Damage contains vague allegations pertaining to the serious personal injuries sustained by him as a result of the alleged slip and fall. He also alleges that he is entitled to damages including:

> "past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, and permanent disability to the body, loss of consortium, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings."[9]

18.

On information and belief, the amount in controversy exceeds Seventy-five Thousand and No/100 ($75,000.00) Dollars. Under Louisiana Code of Civil Procedure Article 893(A)(1), Plaintiff was permitted to allege an amount in controversy to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." The failure to allege this information, in effect, acts as a concession that the "requisite jurisdictional amount in controversy," making it "facially apparent" from the petition, that the amount in controversy exceeds Seventy-five Thousand and No/100 ($75,000.00) Dollars.[10]

19.

Additionally, in Louisiana, a plaintiff wishing to prevent removal must affirmatively renounce the right to accept a judgment in excess of Seventy-five Thousand and No/100

---

[9] Exhibit A, Plaintiff's Petition for Damages, paragraph 2.

[10] *Raggio, Cappel, Chozen & Berniard v. The Hartford Steam Boiler Inspection and Insurance Company*, 2006 WL 4059093 at p. 1 (W.D. La.).

($75,000.00) Dollars in state court pleadings or a stipulation filed with the original complaint.[11] Here, no such renouncement or stipulation was filed in state court. While not dispositive of the issue, the Fifth Circuit takes this omission under consideration as to whether or not the amount-in-controversy exists.

### III. ARCH CONSENTS TO REMOVAL

20.

Pursuant to 28 U.S.C. § 1446(b)(2), Arch, as a co-defendant, consents to the removal of this matter to federal court.[12]

**WHEREFORE**, Defendant, Republic Housing, LLC, prays this Notice of Removal be accepted as good and sufficient, that the aforesaid petition be removed from state court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said state court and thereupon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

/s/ Jonathan M. Walsh
**JONATHAN M. WALSH (#25922)**
**MEGAN P. DEMOUY (#37095)**
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 593-0785
Facsimile: (504) 566-4072
Email: jwalsh@deutschkerrigan.com
       mdemouy@deutschkerrigan.com
***Attorneys for Republic Housing, LLC***

---

[11] *Treadway v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 11-2965, 2012 WL 219369, at *2 (E.D. La. Jan. 25, 2012); *Davis v. State Farm Fire & Cas.*, No. CIV. A. 06-0560, 2006 WL 1581272 at *2 (E.D. La. June 7, 2006).

[12] *See* email correspondence, dated April 10, 2018, attached hereto as Exhibit "E".

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served upon Brian King, Jason Giles, and Anthony Milazzo, III at 2912 Canal Street, New Orleans, Louisiana 70119 and Christina A. Culver at One Riverway, Suite 1400, Houston, Texas 77056, by email, facsimile, and/or by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed, this 23rd day of April, 2018.

*/s/ Jonathan M. Walsh*_____
**JONATHAN M. WALSH**